**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KENNETH V. AWE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-644-CAS |
| ) | |
| ST. LOUIS PSYCHIATRIC ) | |
| REHABILITATION CENTER, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Kenneth V. Awe (registration no. 217949) for leave to commence this action without payment of the required filing fee.[1]

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the

---

[1] The Court notes that although Tracy L. Awe is named as a plaintiff in this action, she has not submitted an application to proceed in forma pauperis (CJA Form 23), nor has she paid the filing fee. Moreover, it is unclear if Tracy L. Awe has signed the complaint. As such, and because this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will strike Tracy L. Awe as a party-plaintiff to this action.

prisoner's account for the prior six month period.  See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on April 17, 2006.  See 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $25.88, and an average monthly account negative balance of $13.04.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $5.18, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490

U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Minnesota Correctional Facility in St. Cloud, Minnesota, seeks monetary relief in this 42 U.S.C. § 1983 action against defendant St. Louis Psychiatric Rehabilitation Center. Plaintiff's Statement of Claim on page 6 of the complaint [Doc. #3] reads, as follows:

> The SLPRC took my wife[']s job, and release away as well as our visitation rights due to our marriage in 2005. SLPRC took my wife[']s release, and my visitation rights in Feb 05 without due process or valid reason. I feel that under the circumstances that my wife and I are being treated indifferently and deserve the release of my wife to her former status as well as restoring our visitation rights-privileges.

Having carefully reviewed the complaint, the Court is unable to determine with any degree of certainty what claims plaintiff is attempting to assert against the St. Louis Psychiatric Rehabilitation Center in the instant action. The complaint contains no specific allegations linking defendant to any deprivation of plaintiff's constitutional rights. Moreover, to the extent that plaintiff is attempting to assert claims on behalf of his wife, he lacks standing to do so.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D.Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"). Thus, although plaintiff is proceeding pro se and in forma pauperis, the Court will not instruct him to file an amended complaint. Plaintiff's claims are legally frivolous and/or fail to state a claim upon which relief may be granted, and dismissal without prejudice is warranted based on his failure to provide an intelligible complaint in compliance with the Federal Rules of Civil Procedure. Cf. Boswell v. Honorable Governor of Texas, 138 F.Supp.2d at 785-86 (dismissing

pro se plaintiff's pleadings; Court could not determine nature of claims without resorting to improper speculation).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $5.18 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Tracy L. Awe is stricken as a plaintiff in this action, and that the Clerk of Court shall docket this case as <u>Kenneth V. Awe v. St. Louis Psychiatric Rehabilitation Center</u>.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 24th day of July, 2006.

_____
    **UNITED STATES DISTRICT JUDGE**